UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MELODY F. HENRY,<br>    Plaintiff, | Case No. 1:21-cv-31<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| JANET YELLEN, SECRETARY,<br>DEPARTMENT OF THE TREASURY<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

On January 14, 2021, plaintiff filed a complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On July 6, 2021, defendant Janet Yellen, Secretary, Department of the Treasury, filed a motion for partial dismissal of the complaint asking the Court to dismiss plaintiff's appraisal and one of her promotion claims because she did not timely initiate contact with an Equal Employment Opportunity counselor and to dismiss plaintiff's race and color discrimination claims because she failed to exhaust required administrative remedies. (Doc. 17). Plaintiff was notified that failure to respond to the motion within twenty-one days from the date of service set forth in the certificate of service attached to the motion could warrant dismissal of the case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 19).

Plaintiff requested an extension of time until August 28, 2021 to respond. (Doc. 20). The Court notationally granted plaintiff's request for an extension. (Doc. 21). To date, plaintiff has failed to file a response to the motion.

On November 15, 2021, the Court ordered plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss her race and color discrimination claims and her retaliation claims related to her appraisal and failure to promote for

vacancy announcement 18-CE1-TEM0237-0512-04-LA for lack of prosecution.[1]  (Doc. 22).  To date, more than fifteen days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, ___ U.S. ___, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).  Plaintiff's failure to respond to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of her race and color discrimination claims and her retaliation claims related to her appraisal and failure to promote for vacancy announcement 18-CE1-TEM0237-0512-04-LA pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute these matters.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's race and color discrimination claims and her retaliation claims related to her appraisal and failure to promote for vacancy announcement 18-CE1-TEM0237-0512-04-LA be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).  Plaintiff's claims that she was not promoted for vacancy announcements 18-CS2-TEM0351-512-05-LB and 18-CE1-TEM0239-0512-04-JD in retaliation for prior EEO complaints remain pending.

Date:   12/21/2021

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Plaintiff's claims that she was not promoted for vacancy announcements 18-CS2-TEM0351-512-05-LB and 18-CE1-TEM0239-0512-04-JD in retaliation for prior EEO complaints were not included in the Order to Show Cause. (Doc. 22 at PAGEID 182).